UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PIERRE RAHSAAN TAYLOR,

    Plaintiff,

vs.

ADOLFO TORNICHIO, et al.,

    Defendants.

Case No. 3:22-cv-56

District Judge Walter H. Rice
Magistrate Judge Karen L. Litkovitz

**REPORT AND RECOMMENDATION**

    Plaintiff, a prisoner at the Southeastern Correctional Institution, has filed a pro se civil rights complaint, amended complaint, and supplement (Doc. 1, 4, 8) in this Court pursuant to 42 U.S.C. § 1983. As defendants, plaintiff names Adolfo Tornichio, Stephen Wolaver, Alan Kraker, Shane Hartwell, Cheri Stout, Marcy Vonderwell, David Hayes, Steven Haller, Eric V. Robinson, Tim Shoop, Brian Cook, and Norm Robinson. (*See* Doc. 1 at PageID 1–2).

    By separate Order plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint, as amended, to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

    A. **Legal Standard**

    Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed

by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1] Formerly 28 U.S.C. § 1915(d).

2

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

B. **Allegations in the Complaint**

Plaintiff, who claims he is "a real living flesh and blood man, in full life, Sui Juris, as an in Pari delecto with the a.k.a. PIERRE R. TAYLOR (COMMERCIAL EXPRESSED) ENS LEGIS; a legal fiction" (*see* Doc. 4, Amended Complaint at PageID 41), has filed a complaint, amended complaint, and supplement (Doc. 1, 4, 8) in connection with his Greene County, Ohio conviction

3

in Case No. 2017-CR-566. The complaint includes numerous citations to maritime, contract, corporate, administrative, and state law. Plaintiff complains that false testimony gave rise to his arrest, indictment, conviction, and sentence. (*See* Doc. 4 at PageID 39; Doc. 8 at PageID 91). According to plaintiff, "on or about 9/26/2017, Christy Taylor, whom gave information in its falsity, initiated fraud by giving false statements to corporate agents, who continued the fraud by using the false written/verbal statements of Christy Taylor to obtain warrant(s) with this tainted information without prior knowledge of the truthfulness of Christy Taylor, or the information." (Doc. 4 at PageID 39). Plaintiff indicates that he was subsequently indicted, arrested, and convicted of several criminal offenses in the Greene County Court of Common Pleas.[2]

Plaintiff seeks to hold defendants—detectives, prosecutors, defense attorneys, and judges—liable in connection with his prosecution and/or convictions. Plaintiff appears to allege that defendant detectives Alan Kraker and Shane Hartwell conducted an unlawful search of his home and improperly arrested him. (*See* Doc. 4 at PageID 39–40). He further claims that defendant Greene County sheriff Gene Fisher unlawfully held him in custody at the Greene County Jail following his arrest, and defendant judges Stephen A. Wolaver and Adolfo A. Tornichio; defense attorneys Eric V. Robinson and Alan Gabel; and prosecutors Cheri Stout, Marcy Vonderwell, David Hayes, and Steven Haller conspired against him and violated his rights.[3] (*See*

---

[2] Review of the Greene County Clerk of Court online docket records indicate that plaintiff was charged with and found guilty of the following offenses: aggravated burglary, carrying concealed weapons, two counts of domestic violence, aggravated menacing, and assault. One count of carrying concealed weapons was dismissed. Viewed at https://courts.greenecountyohio.gov/eservices under 2017 CR 566. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[3] For example, plaintiff alleges that "Plaintiff-Affiant, claims that he was appointed assumed state actor ALAN GABEL; ERIC V. ROBINSON; Court-Officer-assumed et al., and STEPHEN WOLAVER, Court-officer-assumed Judge, admiralty officials in their individual capacities under the color of law, did induce me by misrepresentation by having me believe that I was subject to their arbitrary Private Municipal Police Power, that had an Extra-Territorial Affect when they subjected me to their unconstitutional court fraud, to extract the revenue out of me by going through me to bet my property by using their arbitrary Police Power to deceptively use their unconstitutional courts, to render me a void proceeding without rendering me the judicial notice, for a felony case(s) in which would be an IN REM

Doc. 8 at PageID 107). As discussed below, the complaint also includes allegations regarding his conditions of confinement brought against defendants Brian Cook, Norm Robinson, and Tim Shoop. (*See* Doc. 4 at PageID 56).

As relief, plaintiff seeks money damages. (Doc. 4 at PageID 66).

**C. Analysis**

Plaintiff's complaint is subject to dismissal at the screening stage. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

As an initial matter, it is clear from the face of the complaint that many of plaintiff's claims are time-barred.[4] Plaintiff's civil rights complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"); *Zundel v.*

---

Rule (c)(6) proceeding; deprive me of equal protection of the law Art I, section 10, by rendering me a corporate attorney who offered me up as collateral and a liability for debt incurred to the United States, to get me under their corporate Jurisdiction by failing to give disclosure of their intention, nor did the court of facts, court officers have or get my consent nor did the court attorney's ALAN GABE, ERIC V ROBINSON, Court-officer(s) nor the assumed Judge: STEPHEN A WOLAVER, Court-Officer-assumed et al. give me knowledge of their contracts, did cause me great harm by their misrepresentation of their corporate Persona, by failing to use their own corporate identity, committing fraud by using the state courts persona and attributes, and misrepresenting me as a United States person, as one of their corporate officers, agents, or employees under their corporate compact/contract constitution. (Doc. 4 at PageID 44–45).

[4] As discussed below (*see infra* n.6) to the extent that plaintiff brings a malicious prosecution claim—where the limitations period begins to run when the resulting conviction or sentence has been invalidated—his claim is subject to dismissal because he has failed to demonstrate that his conviction or sentence has been invalidated. *See Lucas v. Holland*, No. 17-5425, 2017 WL 4764472, at *2 n.1 (6th Cir. Sept. 26, 2017) (noting that "[f]or a malicious-prosecution claim, the statute of limitations would not begin to run until the conviction or sentence had been invalidated").

5

*Holder,* 687 F.3d 271, 281 (6th Cir. 2012) ("the settled practice . . . to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions and to *Bivens* actions because neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages") (internal citation and quotation marks omitted). Although the statute of limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted. *See Jones v. Bock,* 549 U.S. 199, 215 (2007). *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired); *Anson v. Corr. Corp. Of America,* No. 4:12cv357, 2012 WL 2862882, at *2-3 (N.D. Ohio July 11, 2012) (in *sua sponte* dismissing complaint under 28 U.S.C. § 1915(e), the court reasoned in part that the plaintiff's *Bivens* claims asserted "six years after the events upon which they are based occurred" were time-barred under Ohio's two-year statute of limitations for bodily injury), *aff'd*, 529 F. App'x 558 (6th Cir. 2013).

Here, it is clear from the face of the complaint that plaintiff's claims regarding the alleged unlawful search of his of his home, arrest, initiation of criminal charges against him, and state court trial are time-barred. As noted above, plaintiff claims that defendants conducted an unlawful search of his home on or about September 26, 2017. (*See* Doc. 4 at PageID 39). Courts have held that causes of action based on an alleged illegal search and seizure accrue on the date that the search and seizure occurred. *See Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. Aug. 12, 2008). *See also Steel v. Kelly*, No. 16-1215, 2016 WL 11618614, at *2 (6th Cir. Aug. 24, 2016) (holding that the district court properly dismissed the plaintiff's illegal search claims on statute of

6

limitations grounds, finding that the Fourth Amendment claims accrued on the date of the alleged improper searches); *Starnes v. Stout*, No. 2:14-cv-1699, 2015 WL 5315386, at *5 (S.D. Ohio Sept. 11, 2015) ("the Court of Appeals and several district courts within this Circuit have held or acknowledged that claims under § 1983 for illegal search and seizure—even if used as evidence—accrue at the time of the improper search") (Report and Recommendation), *adopted* 2015 WL 5725817 (S.D. Ohio Sept. 29, 2015).

Plaintiff also complains that he was improperly arrested and confined in the Greene County Jail on September 26, 2017. (Doc. 4 at PageID 40). *See Wallace*, 549 U.S. at 389-90 (holding that the limitations period with respect to a false imprisonment or false arrest claim brought under 28 U.S.C. § 1983 begins upon the initiation of legal process, such as when the individual is bound over for trial or arraigned on charges). In this case, plaintiff indicates he was arraigned on October 20, 2017. (Doc. 4 at PageID 41). Plaintiff's jury trial concluded on February 22, 2018 and he was sentenced the following month, on March 9, 2018. *See supra* n.2.

Plaintiff did not file the instant case until February 23, 2022, approximately two years after the limitations period expired. Therefore, plaintiff's unlawful search and false arrest/imprisonment claims, as well as his claims stemming from his 2018 state-court trial, are subject to dismissal at the screening stage on statute of limitations grounds.

In any event, even if plaintiff's claims were not time-barred, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

As to the defendant judges Adolfo Tornichio and Steven Wolaver, the complaint must be dismissed because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability

even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir.1985). Plaintiff's complaint alleges no facts to plausibly suggest that defendants Tornichio or Wolaver presided over a matter in which they were without subject matter jurisdiction or that they performed non-judicial acts.

Plaintiff's claims against defendant prosecutors Cheri Stout, Marcy Vonderwell, David Hayes, and Steven Haller must also be dismissed because plaintiff seeks relief from defendants who are immune from such relief. "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. *See also Jones v. Shankland,* 800 F.2d 77, 80 (6th Cir. 1986). A prosecutor's initiation and presentation of a case to a grand jury falls within the traditional functions of the prosecutor and is shielded by absolute immunity. *Grant v. Hollenbach,* 870 F.2d 1135, 1139 (6th Cir. 1989). Courts have consistently recognized that even the knowing presentation of false testimony to a grand jury or a trial jury are actions protected by absolute immunity. *See Spurlock v. Thompson,* 330 F.3d 791, 797-98 (6th Cir. 2004). *See also Imbler,* 424 U.S. at 413, 430; *Buckley v. Fitzsimmons,* 509 U.S. 259, 267 n.3 (1993). Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy,* 151 F.3d 493, 498 n.7 (6th Cir. 1998).

In addition, plaintiff's complaint fails to state a claim for relief under § 1983 against defendants Robinson and Gabel, his defense attorneys in his state criminal case, because they are

8

not state actors. In order to maintain an action under § 1983, plaintiff must allege that the person engaging in the conduct complained of was acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). As lawyers representing a client, defendants were not state actors within the meaning of § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (holding that public defender does not act under color of state law for purposes of § 1983); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying *Polk County* to retained criminal lawyers). *See also Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998).

Accordingly, defendants Tornichio, Wolaver, Stout, Vonderwell, Hayes, Haller, Robinson, and Gabel should be dismissed as defendants to this action.[5]

Plaintiff's complaint is also subject to dismissal to the extent that he challenges his state-court criminal conviction. (*See* Doc. 8 at PageID 80 (indicating "[m]y arguments mandate reversal of the conviction/sentence")). Plaintiff's sole remedy in this regard is a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Where a

---

[5] To the extent that plaintiff contends that these or any named defendants conspired against him, such a claim is also subject to dismissal. It is well-settled in the Sixth Circuit that conspiracy claims must be pleaded with "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus,* 409 F. App'x 826, 835 (6th Cir. 2010); *see also Moldowan v. City of Warren,* 578 F.3d 351, 395 (6th Cir. 2009) (citing *Gutierrez v. Lynch,* 826 F.2d 1534 (6th Cir. 1987)) (affirming dismissal of conspiracy claims under 42 U.S.C. § 1983 because the plaintiff failed to plead the claims with the "requisite specificity"). Here, construing the complaint liberally, plaintiff's factual allegations are insufficient to plausibly suggest that the defendants shared a conspiratorial objective or otherwise planned together to deprive him of a constitutionally-protected right.

Furthermore, to the extent that plaintiff claims that any defendants committed criminal offenses (*see* Doc. 4 at PageID 54) (alleging possible RICO Acts pursuant to 18 U.S.C. § 1961)), plaintiff "cannot utilize this civil lawsuit as a vehicle to initiate any federal or . . . state criminal charges." *Theriot v. Woods*, No.2:09-cv-199, 2010 WL 623684, at *13 (W.D. Mich. Feb. 18, 2010) (and cases cited therein).

state prisoner challenges the validity of his criminal conviction and seeks relief which would result in his immediate release or a speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, to the extent plaintiff seeks relief in the form of an immediate or speedier release from imprisonment, his sole federal remedy is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after he has exhausted his state remedies. *See Preiser*, 411 U.S. at 500; *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985).

To the extent that plaintiff seeks money damages for alleged constitutional violations stemming from his criminal conviction, his § 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). A judgment in plaintiff's favor on any claim stemming from the state criminal proceedings against him would necessarily imply that his conviction and resulting imprisonment are invalid. *See id.*, 512 U.S. at 487. Because plaintiff has not alleged facts indicating that his conviction and resulting confinement have been invalidated by a federal or state court or other appropriate tribunal, he may not proceed with such a claim for damages in this § 1983 action.[6]

Finally, as noted above, plaintiff includes allegations pertaining to the conditions of his confinement against defendants Tim Shoop, Brian Cook, and Norm Robinson. First, without any factual elaboration, plaintiff claims that "due to the court initiating extra Garnishments on the Penal

---

[6] It is noted that because plaintiff's convictions have not been invalidated, plaintiff is also unable to argue that his allegations give rise to a claim of malicious prosecution under 42 U.S.C. § 1983. As the Supreme Court pointed out in *Heck*, 512 U.S. at 484, "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *See also Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) ("To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove [that] . . . the criminal proceeding [was] resolved in the plaintiff's favor."); *Fisher v. Secoy*, No. 2:12cv734, 2013 WL 5297216, at *3 (S.D. Ohio Sept. 19, 2013) (quoting same language in *Sykes*, 625 F.3d at 308-09).

Plaintiff has also failed to state an actionable abuse-of-process claim under federal law, as the Sixth Circuit "has consistently declined to recognize an abuse-of-process claim under 42 U.S.C. § 1983." *Moore v. WesBanco Bank, Inc.*, 612 F. App'x 816, 823 (6th Cir. May 21, 2015).

sum in violation of the County Admiralty Maritime Courts Monetary Jurisdiction" he is unable to afford "proper hygiene, and to be able to afford treats for myself as other inmates without state pay tampering's." (Doc. 4 at PageID 56). Plaintiff further claims that he has been struggling to "afford money for hygiene, copies, and postage for access to the courts." (*Id.*). Plaintiff also claims that his property was confiscated by staff. (*Id.*).

Plaintiff's conditions of confinement claims are subject to dismissal for failure to state a claim upon which relief may be granted. Plaintiff's conclusory allegations regarding hygiene items and treats do not meet the pleading standards applicable to this § 1983 action or otherwise rise to the level of a constitutional violation. *See Iqbal*, 556 U.S. at 678.

As to plaintiff's claim that his property was taken from him, plaintiff must "plead . . . that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson v. Palmer*, 468 U.S. 517 (1984). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory*, 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson*, 360 F.3d at 588.

Plaintiff has not alleged any facts even remotely indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate. Plaintiff's complaint fails to explain why a state tort remedy for conversion would not suffice to address his claim. *See Fox v.*

11

*Van Oosterum,* 176 F.3d 342, 349 (6th Cir. 1999). Therefore, he fails to state a due process claim that is actionable in this § 1983 proceeding.

To the extent that plaintiff contends that his inability to make copies or obtain postage for court filings violated his First Amendment rights, plaintiff's allegations are insufficient to state an actionable claim. An inmate must plead and demonstrate that the lack of legal materials or the shortcomings in the prison legal assistance program have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). In addition, when bringing a denial of access to the courts claim, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]he predicate claim (must) be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* In other words, "only prisoners with non-frivolous underlying claims can have standing to litigate an access-to-courts action." *Hadix v. Johnson*, 182 F.3d 400, 405-406 (6th Cir. 1999) (citing *Lewis*, 518 U.S. at 353 & n. 3).

Plaintiff fails to allege any facts showing that he suffered an actual injury in any nonfrivolous legal proceeding as a result of his difficulty obtaining copies or postage. Moreover, plaintiff has not alleged that he was in fact prevented from pursuing his court proceedings nor has he alleged any facts to suggest that any defendant's conduct impacted a nonfrivolous cause of

12

action. Without such allegations, plaintiff fails to state a claim for relief for a denial of access to the courts under the First Amendment.

Finally, insofar as plaintiff is alleging claims under Ohio law, the Court should decline to exercise supplemental jurisdiction over those claims. *Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 210 (6th Cir. 2004) (although the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of discretion, when a court dismisses all federal claims before trial, it generally should dismiss the state law claims as well).

Accordingly, in sum, because plaintiff has failed to state an actionable claim against the named defendants, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint, as amended and supplemented, be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 5/20/2022

Karen L. Litkovitz
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).